**UNITED NATIONAL BANK, Appellant,**

v.

**TRAVEL MUSIC OF SAN ANTONIO, INC., Appellee.**

No. 04–87–00148–CV.

Court of Appeals of Texas, San Antonio.

July 22, 1987.

Rehearing Denied Sept. 9, 1987.

W. Wendall Hall, San Antonio, for appellant.

Marshall Fein, San Antonio, for appellee.

Before BUTTS, CANTU and DIAL, JJ.

### OPINION

BUTTS, Justice.

This is an attack by way of writ of error on a default judgment obtained after suit on a writ of garnishment. Appellant, United National Bank, is the garnishee, and appellee, Travel Music of San Antonio, Inc., is the garnishor.

On March 25, 1985, Travel Music obtained a judgment for the sum of $27,-458.82 plus attorney fees of $2,541.18 against its debtor, Car Stereo of America, Inc., d/b/a Sunshine Sound, with its principal place of business in Houston. On May 6, 1985, Travel Music filed its application for writ of garnishment, naming United National Bank as garnishee. In its application Travel Music alleged that United National Bank is a banking corporation located in Houston and that service of citation could be effected *by mailing to its president, Terry Kregci, by registered or certified mail, with delivery restricted to addressee only, return receipt requested,* a true copy of the citation with the application for writ of garnishment and the support affidavit attached. The application for writ of garnishment alleged that plaintiff "had reason to believe" that Car Stereo had accounts at the Bank. The affidavit attached to the application made the same statement. The writ was issued on May 7, and the clerk of the court mailed the citation and statutory attachments by certified mail to the named individual, Terry Kregci, president of the named bank. Delivery was specifically restricted to the named addressee.

The record contains a copy of the return of citation, stating it was executed by certified mail, return receipt requested, on May 9, 1985, by delivering to "See Green Card." The copy of the "Green Card" (the return receipt), shows the signature of some person other than Terry Kregci, the president. The signature appears to be "Vicki" but with the last name obscured. The record shows clearly it was not the addressee only, the president, who was served with citation by certified mail. The record does not reveal the identity of "Vicki" or what connection, if any, that person had with the garnishee bank.

■ The first point of error is that a default judgment against the Bank was erroneous because the trial court did not have jurisdiction over the Bank.[1] Jurisdiction of the court stemmed only from service of process under TEX.R.CIV.P. Rules 103 and 106(a)(2). This was the only method of service invoked in this case; there was no attempt to deliver the process per-

---

1. The only notice of a setting sent to the Bank in 1986 stated that the case was set for dismissal on the September 5, 1986, dismissal docket. Subsequently a notice was sent to the Bank that a judgment was entered and signed by the judge on September 5, 1986. This was the default judgment notice required by Rule 239a. However, the notice failed to state that the judgment was in favor of Travel Music and against United National Bank. Nor was there any notice that the judgment was on the merits of the case and not a dismissal judgment.

sonally to the named president of the bank. Rule 106(a)(2) provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by

\* \* \* \* \* \*

(2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the petition attached thereto.

\* \* \* \* \* \*

When a default judgment is directly attacked by means of writ of error, the rules regarding the issuance, service, and return of process are mandatory, and failure to show affirmatively a strict compliance with those rules will render the attempted service of process invalid. *McKanna v. Edgar*, 288 S.W.2d 927, 929–30 (Tex.1965); *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501, 503 (Tex.Civ.App. —Corpus Christi 1980, no writ). In a direct attack [by way of writ of error] the normal presumptions regarding valid issuance, service and return of citation do not apply. *McKanna v. Edgar, supra* at 929; *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935).

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). In the present case the only question before the court as to the four elements is the last one: whether there is error apparent from the face of the record.

Service of process was attempted in *United States of America on Behalf of the Administrator of the Small Business Administration v. Charter Bank Northwest*, 694 S.W.2d 16 (Tex.App.—Corpus Christi 1985, no writ) in the same manner as in the present case. That court stated that the return receipts were not sufficient, standing alone, to show that the citation and copy of that plaintiff's petition was delivered to each person designated as an "addressee." *Id.* at 18. As in that case, the proof of service of process in the present case may be determined only from the "return receipt," which appears on the face of the record. The return affirmatively shows that the copies of the requisite garnishment instruments on file were not delivered to Terry Kregci, president of the bank, the only person designated as the "addressee." *See, Pharmakinetics Laboratories, Inc. v. Katz*, 717 S.W.2d 704 (Tex. App.—San Antonio 1986, no writ). We sustain the point of error and hold that the attempted service of process upon the garnishee bank was ineffective to confer jurisdiction over the Bank.

Travel Music urges that a letter in the file from an assistant cashier conferred jurisdiction. Travel Music argues that the trial court acquired jurisdiction because an assistant cashier sent a letter on the Bank's letterhead to the district clerk on May 13, 1985, which stated:

Dear Sir:

After reviewing the attached affidavit, we have found it unecessary (sic) to pursue further action in this case and are therefore returning it to you.

Sincerely,

(signed)

Janie Martinez

Assistant Cashier

It is Travel Music's contention this letter constitutes a pro se answer and therefore appearance by the bank. The Bank says the letter is not an answer and does not constitute an appearance by it. The default judgment recites that the Bank "failed to appear or answer, and there is no answer or other responsive pleading of United National Bank in the record of this cause." It is obvious the trial court entered the default judgment on that theory.

In order for an act of the defendant to constitute an answer or appearance, it must seek a judgment or an adjudication by the court on some question. *Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston

1963, writ ref'd n.r.e.) (citations omitted). That court further stated:

> ... although an act of defendant may have some relation to the cause, it does not constitute a general appearance if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court. (Citations omitted).

*Id.* If the letter in question could be construed as an answer or appearance, and it was filed among the court's papers in 1985, we note the garnishment proceeding was not set for trial as a contested case or other action taken until, on the court's own motion, the case was set on the dismissal docket in 1986. On granting the default judgment, it is plain the trial court did not grant it based upon a defective answer of the garnishee. *See, American Express Company v. Monfort Food Distributing Company,* 545 S.W.2d 49 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ) (where letter was considered an answer but insufficient to prevent a default judgment in a garnishment proceeding because it failed to respond to the writ questions).

In the present case, we hold the letter did not constitute an answer or appearance by the Bank. And since there was no proper service of process, the jurisdiction of the court was not invoked.

■ We do not address the second point of error that the default judgment is manifestly unjust since our review is limited to the face of the record, unlike the evidentiary and factual record of a bill of review proceeding.

The judgment is reversed and the cause remanded for trial. It is unnecessary for new service of process to issue. The Bank is before the court for trial on the merits. TEX.R.CIV.P. 123.