**Albert Ray COTTON, Appellant,**

v.

**Michele Ann COTTON, Appellee.**

**No. 10–00–338–CV.**

Court of Appeals of Texas, Waco.

Aug. 22, 2001.

Albert Ray Cotton, Pampa, Pro Se.

Christopher Chance, Heart of Texas Legal Services, Inc., Waco, for Appellee.

John B. Worley, Assistant Attorney General, Child Support Division, Austin, Intervenor.

Before Chief Justice DAVIS, and Justices VANCE and GRAY.

## OPINION

GRAY, Justice.

Michele Ann Cotton filed a petition to divorce Albert Ray Cotton. She sought child support. The Attorney General intervened seeking retroactive child support during the period after Albert and Michele separated but prior to the divorce. The trial court rendered judgment that Albert must pay child support and awarded the Attorney General a judgment for retroactive child support from the time Albert went into prison until the date of the judgment. Albert complains on appeal that the evidence is insufficient to support the judgment. Because we have determined that the trial court never obtained personal jurisdiction of Albert, we reverse the trial court's judgment and remand the case for further proceedings.

### JURISDICTION—COURT OF APPEALS

We must first address our jurisdiction. The trial court signed the judgment on August 29, 2000. No motion or request was filed with the trial court that would extend the time within which a notice-of-appeal must be filed. TEX.R.APP. P. 26.1(a). Thus, absent the application of some other rule, the notice-of-appeal was due September 28, 2000.

 Albert filed his notice of appeal on October 9, 2000. The notice-of-appeal was filed within 15 days after it was due, but no motion for extension of time to file the notice-of-appeal was filed within that 15 day period. TEX.R.APP. P. 26.3. Under

the Texas Supreme Court's holding in *Verburgt*, the notice-of-appeal may invoke our jurisdiction to review the matter if the appellant reasonably explains the failure to file the notice-of-appeal within the time provided. *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex.1997). In discussing the application of the former rule requiring the posting of a cost bond to invoke the court of appeals jurisdiction, the Court held "... that a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2) [now 26.3]." *Id.* at 617. This holding does not eliminate the need to reasonably explain the late filing. Albert has failed to reasonably explain his failure to file the notice-of-appeal within the time provided as required by the rules. Therefore we do not have jurisdiction of this appeal under Rule 26.1(a).

 Under the rule for bringing a restricted appeal, the notice-of-appeal is timely if it is filed within six months after the judgment or order is signed. TEX. R.APP. P. 26.1(c). The notice-of-appeal states that Albert did not participate in the trial in any manner. This assertion has not been controverted by any other party nor have we found anything contrary to this assertion in the record. Thus, Albert's notice-of-appeal is timely for purposes of bringing a restricted appeal. Therefore we have jurisdiction of this appeal.

### JURISDICTION—TRIAL COURT

 Lack of personal jurisdiction was not assigned by Albert as error. We are cognizant that, as a general rule, we cannot address unassigned complaints of error. *Allright, Inc. v. Pearson*, 735 S.W.2d

240, 240 (Tex.1987). However, our Supreme Court also recognizes the concept of "fundamental error" in very limited circumstances:

> Generally, our civil rules of procedure and our decisions thereunder require a party to apprise a trial court of its error before that error can become the basis for reversal of a judgment. [footnote omitted] In a civil case, judicial economy generally requires that a trial court have an opportunity to correct an error before an appeal proceeds.

> Another reason for requiring a litigant in a civil case to lay a predicate in the trial court before pursuing an appeal is that "one should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his [or her] opponent on appeal by stating [a] complaint for the first time." [footnote omitted] We explained in *Pirtle v. Gregory*, in the context of a purely civil matter, that instances of fundamental error are few:

>> *Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.*

*In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999) (citing *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982)) (emphasis added).

 The most fundamental issue for any court to determine is jurisdiction. "A judgment is void ... when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990). Because jurisdiction is necessary for the court to have power to act, it may be questioned at

any time by any party or the court itself. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265, 266 (1957); *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 983 (1947). It would be a waste of judicial resources if we could not raise the issue of jurisdiction on our own and were otherwise required to conduct a review of a void judgment simply because the parties did not identify a jurisdictional issue. Thus, because rendering judgment without jurisdiction is fundamental error, the courts of appeals retain power to consider whether the trial court had jurisdiction whether or not it is assigned as error by the parties.

THE "JURISDICTIONAL" FACTS

Christopher S. Chance, an attorney with the Heart of Texas Legal Services, Inc., represented Michele in her petition for divorce. The address for Heart of Texas Legal Services as shown by the petition is "900 Austin Ave., 7th Floor, P.O. Box 527, Waco, TX 76703." The petition gives Albert's address as: "TDCJ, 1992 Hilton Road, Pampa, Texas 79065." Michele listed two children as being fathered by Albert. In an "Affidavit of Financial Condition" which is in the record, Michele stated that four children lived with her. She indicated two were Albert's children and that two were born "before marriage," presumably indicating that she did not believe them to be Albert's children.

The petition indicates that no service on Albert was needed because a waiver of service-of-process was anticipated. No waiver was ever filed. There is no return of service-of-process in the record. The docket sheet does not reflect that citation was issued or served.

When the Attorney General intervened, the Attorney General listed Albert's address as simply "Pampa, Texas." The petition in intervention gave the Attorney General's address as: "Child Support Division, PO Box 1969, Waco, TX 76703–1969." The petition indicates that it was served on Albert pursuant to Rule 21a on March 27, 2000. TEX.R. CIV. P. 21a.

After the petition was filed and the Attorney General had intervened, a letter from Albert was filed with the district clerk. Because the copy in the clerk's record did not appear to be addressed to the court nor did it appear to be the type of document a pro-se defendant would file with a court as an answer to the petition, we requested that the clerk prepare and file a supplemental transcript containing the original letter and the envelope in which it arrived.

Albert's letter is dated April 2, 2000. It has the cause number at the top, but no case style. There is no certificate of service on the letter. The envelope is postmarked April 3, 2000. It is addressed as follows:

Attorney General Office

Att. Christopher S. Chance

P.O. Box 527

Waco, Texas 76703–0527

The letter does not contain the statement regarding alternative dispute resolution required to be included in a party's first pleading. TEX. FAM.CODE ANN. § 102.0085 (Vernon Supp.2001).

How and why was Albert's letter filed with the district clerk? Did Albert file this with the district clerk, intending it to be a general appearance in the case? Or, did Albert write a letter to the attorney representing his wife, who then filed it with the district clerk? Or, did Christopher Chance forward the letter to the Attorney General's office, who then filed it with the district clerk? The pivotal question is simply, will the record support the conclusion that with this letter Albert intended to make a general appearance in

the pending suit. We have concluded that the answer is: No.

APPLICABLE LAW—*In Personam Jurisdiction*

 For any court to obtain in personam jurisdiction over a person, the person must be given notice of the suit. But it is more than simply notice in the traditional sense. Notice to a person that they have been sued must comply with constitutional and statutory requirements. *Steve Tyrell Productions, Inc. v. Ray*, 674 S.W.2d 430, 434 (Tex.App.—Austin 1984, no writ) (citing 2 MCDONALD, TEXAS CIVIL PRACTICE §§ 9.01.1–9.01.4 (1982); 2 WICKER AND BENSON, TEXAS LAWYER'S GUIDE § J.2.39 (1981)).

 A failure to satisfy the notice component of in personam jurisdiction may be waived. *Id.* By waiving notice the person is said to have made a "general appearance." *Id.* Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer upon the trial court jurisdiction over a person. *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 655 (Tex. App.—Austin 1985, no writ).

 To constitute an answer or appearance, the act must seek a judgment or a decision by the court on some question. *United Nat'l Bank v. Travel Music of San Antonio, Inc.*, 737 S.W.2d 30, 32 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) (citing *Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex.Civ. App.—Houston 1963, writ ref'd n.r.e.)). A general appearance is normally in the form of an answer to the claims made in the suit. In *United Nat'l Bank*, after reviewing a letter from an assistant cashier of the garnishee-bank addressed to the district clerk, the San Antonio Court concluded that the letter did not constitute an answer or appearance by the bank. *Id.* at 33.

The Amarillo Court has explained the concept of an appearance as follows:

To determine whether a party has made a voluntary appearance, the nature and quality of the party's activities must be examined. The general rule, stated many years ago in *St. Louis & S.F.R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918), is that a general appearance occurs when the party "invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction." *Accord, Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.); 2 R. MCDONALD, TEXAS CIVIL PRACTICE § 9.04.C (1982).

*Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ). The Amarillo Court concluded:

In this case, we must conclude that Smith did not make a general appearance. He did nothing except sit at the counsel table, at the court's request, after being called forward, apparently from the audience. He filed no pleadings, neither took nor requested affirmative action and did not participate in anything that occurred. He was, at best, a silent figurehead observing the proceedings. Thus, the trial court did not have personal jurisdiction over him and its judgment against him is a nullity.

*Id.*

APPLICATION

There is nothing in the record that explains why or how Albert's letter, which was mailed to Michele's attorney, was ultimately filed in this cause with the district clerk.

First, the letter is dated April 2 and the envelope is postmarked April 3. But the

letter was not filed by the district clerk until April 18, over two weeks after it was mailed.

Second, the letter has no case heading and no certificate of service like an answer would have, nor does it contain the statutorily required statement regarding alternative dispute resolution.

Third, the salutation is "Dear People" rather than "Dear Judge." It says "you" have two children under my name, a reference which, at that time, could be to Michele's petition, to the "Affidavit of Financial Condition" signed by Michele, or to the Attorney General's petition in intervention. From this record, it appears that Albert may have never seen a copy of the petition.

Fourth, and probably the most significant, the envelope is addressed to the Attorney General, to the attention of Michele's attorney. The post office box to which it was addressed is Michele's attorney, not the district clerk's.

We hold that Albert's letter was not a general appearance. Furthermore, the trial court did not rely on the letter as an answer or general appearance. The judgment recites, "Respondent, Albert Ray Cotton, although duly and properly cited, did not appear and wholly made default." But the record before us refutes that recitation.

### CONCLUSION

In summary, there is simply no citation, return, waiver of service, or general appearance in the record. Thus, we find no basis for in personam jurisdiction of Albert that would give the trial court authority to render any judgment against him. Accordingly, we reverse the judgment and

remand this cause to the trial court for further proceedings.