# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00293-CV

**Alaa Eldin Sobol, Appellant**

**v.**

**Patricia Leanne Sobol, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM200079, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

By this restricted appeal, appellant Alaa Eldin Sobol attacks a default judgment rendered against him. Alaa contends that appellee Patricia Leanne Sobol did not comply with the requirements for service of process, and so the district court was without jurisdiction to render its judgment. We will affirm the district court=s judgment.

## BACKGROUND

Alaa and Patricia were divorced on July 1, 1999. The final decree of divorce was rendered in Williamson County; it appointed Alaa and Patricia joint managing conservators of their son, with Patricia

maintaining the exclusive right to establish their son≠s residence. The decree also ordered Alaa to pay child support.

On October 25, 2001, Patricia filed a motion for enforcement and to modify the parent-child relationship, including a request for a temporary order, in Williamson County. She also filed a motion to transfer to Travis County. On November 14, Patricia filed a motion for alternative service along with an affidavit by a certified process server detailing the attempts he made to serve Alaa. The Williamson County court signed an order granting the motion for alternative service on November 14. The order states that service of citation may be made on Alaa by having an authorized person leave a copy of the citation along with an attached copy of the petition with anyone over sixteen years old at Alaa≠s residence or by posting the citation to the door of his residence. The person executing the return was to demonstrate proof of service by stating when the citation was served, on whom it was served, and where it was served, according to the order.

On November 19, Patricia filed with the court an affidavit of service. By this affidavit, the certified process server swore that he served Alaa on November 14 by posting the citation on the front door of the property, in accordance with the order of the court.

On December 27, the Williamson County court transferred the suit to Travis County. On January 11, 2002, the Travis County court rendered a default judgment against Alaa, which appointed Patricia as sole managing conservator and Alaa as possessory conservator of their child, ordered Alaa to pay $663 every month for child support, awarded judgment against Alaa in the amount of $10,018.99 for

child support arrearages, and awarded Patricia attorney=s fees in the amount of $2,500. By two issues, Alaa appeals the default judgment.

## DISCUSSION

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.CAustin 2002, no pet.). In a restricted appeal, an appellant must satisfy five elements in order to obtain a reversal of the underlying judgment: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of showing the invalidity of the judgment must be apparent on the face of the record. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.013 (West 1997); Tex. R. App. P. 26.1(c), 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Boothe*, 94 S.W.3d at 318. In this case, the only element at issue is whether error appears on the face of the record that would require reversal of the default judgment. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal. *Norman Communications*, 955 S.W.2d at 270 (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991)).

By his first issue, Alaa contends that Patricia failed to comply with a number of statutory requirements for proper service of process. By his second issue, Alaa urges this Court to set aside the default judgment, arguing that the district court did not have jurisdiction because Patricia failed to properly

3

serve him. Patricia responds that Alaa filed an answer with the district court and therefore submitted to the jurisdiction of the court. In the alternative, Patricia contends that Alaa was properly served and all service of process requirements were satisfied. We will first address whether Alaa indeed filed a response with the district court, thus submitting himself to the jurisdiction of the court.

In a direct attack on a default judgment, there are no presumptions in favor of valid service of process. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Renaissance Park v. Davila*, 27 S.W.3d 252, 255 (Tex. App.CAustin 2000, no pet.). A judgment under direct attack must be reversed unless jurisdiction of the court to render the judgment appears on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex. 1965); *Davila*, 27 S.W.3d at 255.

Personal jurisdiction depends on citation issued to the defendant and served in a manner authorized by law. *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 655 (Tex. App.CAustin 1985, no writ). Before a court may obtain personal jurisdiction over a person, the person must be given notice that he has been sued, notice that complies with constitutional and statutory requirements. *Cotton v. Cotton*, 57 S.W.3d 506, 511 (Tex. App.CWaco 2001, no pet.). A party may waive a failure to satisfy the notice requirement of personal jurisdiction. Other than proper service or waiver of service, nothing short of a general appearance will confer jurisdiction upon the court. *Fish*, 699 S.W.2d at 655.

AA general appearance is normally in the form of an answer to the claims made in the suit.@ *Cotton*, 57 S.W.3d at 511. An answer or appearance must seek a judgment or decision by the trial court on some question other than that of the court=s jurisdiction. *Id.* We examine the nature and quality of a

**4**

party=s activities to determine whether he has made a voluntary appearance. *Id.* (quoting *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.CAmarillo 1984, no writ)).

The letter to which Patricia refers is dated November 30, 2001 and begins with the greeting, ATo whom it may concern.@ It then continues with the following:

I have just received a certified letter from [Patricia=s counsel] of a copy which appears to be a filing of a motion to transfer and petitioner=s motion for alternative service, motion to extend temporary restraining order and motion for enforcement to modify parent-child relationship. These motions are filed under No. 98-1416-FC2.

On receipt of this certified letter which was received on 11/27/01, I contacted an attorney in Georgetown, Texas to be advised on which steps to take. The attorney notified me on Friday 11/30/01 that a hearing had taken place on 11/19/01 which resulted in a judgement against me for not attending the hearing that I had no prior knowledge of until I received the certified on letter [sic] 11/27/01. Financially I cannot afford to retain an attorney at this time, yet I am very eager to represent myself in another hearing in the court of law. I ask for the mercy of the court to reconsider in scheduling another hearing and that I may be notified by certified letter on when that hearing is going to take place.

I have every intention in resolving the situation in the most fair and civil manner. If you need to reach me, you can call 813-215-0603 and if I am not available, please leave a message on my voice mail.

Like the letter in *Cotton*, Alaa=s letter includes no certificate of service, no case heading, and no statement regarding alternative dispute resolution, as required by statute. The letter, however, does bear the Williamson County district clerk=s stamp, which indicates the district clerk filed the letter on December 6, 2001, only one week after the date indicated in the letter.[1] The letter also includes a heading with Alaa=s Florida address, an address identical to the one shown in the order granting motion for alternative service and the one on the return of service. Nowhere in the letter does Alaa suggest that he be reached at a different address. Also, there is no indication that this letter was sent to Patricia or her counsel.[2]

Furthermore, Alaa=s letter includes the cause number of the case and acknowledges that the case is pending. He also expresses his intention to represent himself and to Aresolv[e] the situation in the most fair and civil manner.@ More importantly, he asks the court to schedule another hearing and asks to be notified of the hearing date. These statements clearly request the court to make a decision regarding the setting of another hearing and thus, invoke the jurisdiction of the court. *Cf. Investors Diversified Servs., Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex. Civ. App.CHouston 1963, writ ref=d n.r.e.) (if defendant=s act in no way recognizes that cause is properly pending or that court has jurisdiction, and no affirmative action is

---

[1] The first Monday following the expiration of twenty days after the date that Alaa was served was December 10, 2001. Thus, by filing his letter on December 6, Alaa made an appearance within the appropriate time to file an answer.

[2] In fact, in her brief, Patricia states that the letter Awas never sent to counsel for [appellee].@ It is clear from the letter, however, that Alaa received a letter from Patricia=s counsel and therefore should have known how to contact her.

**6**

sought from court, it does not constitute appearance). We must therefore conclude that Alaa made a general appearance by mailing his letter to the district clerk.[3] We overrule Alaa=s first and second issues.

## CONCLUSION

Having concluded that Alaa filed a general appearance and thus submitted himself to the jurisdiction of the district court, we find no error apparent on the face of the record. We therefore overrule Alaa=s issues and affirm the district court=s judgment.

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: April 3, 2003

---

[3] Alaa does not assert that he failed to receive notice of the final hearing that resulted in the judgment he complains of. Nor does he challenge the sufficiency of the evidence or complain about the absence of a reporter=s record. The only issue before us is whether the district court properly exercised her jurisdiction.