In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-061 CV


____________________



CROWN FOOD SERVICE EQUIPMENT, LTD., Appellant



V.



TOMMY DEAN ROY, ET AL., Appellees






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 30851-98-2






MEMORANDUM OPINION (1)


 Crown Food Service Equipment, Ltd. ("Crown"), a Canadian corporation, appeals
the denial of its special appearance. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(7) (Vernon Supp. 2003); Tex. R. Civ. P. 120a. Crown is one of six defendants
in a product liability suit filed by Tommy Dean Roy and Cari Ann Roy. According to a
motion that Crown filed with the Court on November 19, 2002, all of the claims in the
underlying litigation have been resolved through settlement, except for Hobart
Corporation's third-party claim against Crown. 

 The appellant's designation of the clerk's record included the plaintiff's pleadings, 
Crown's special appearance, and its reply to the response to its special appearance. 
Notably excluded from its designation is the plaintiff's and third party plaintiffs' response
to the special appearance and the discovery documents referred to in that document. From
the reporter's record, we discern that the special appearance was controverted with
evidence that injury to Tommy Dean Roy was caused by a product manufactured and
placed into the stream of commerce by Crown, and that on numerous occasions Crown's
products shipped from its manufacturing plant directly to Texas. 

 The order denying the special appearance states that the trial court considered
"Third-Party Defendant Crown Food Service Equipment's Special Appearance, the Third-Party Plaintiffs' response, Plaintiff's Original Petition, affidavits, discovery on file, and
arguments of counsel." Crown omitted from the record documents specifically relied upon
by the trial court in ruling on the special appearance. We presume the evidence omitted
from the record supports the judgment. See Pierson v. SMS Fin'l II, L.L.C., 959 S.W.2d
343, 348 (Tex. App.--Texarkana 1998, no pet.) (presuming that response not requested or
included in clerk's record supported summary judgment). 


 Crown twice filed a motion to consider the appeal without briefs, or in the
alternative, for extension of time to file its brief. On both occasions, the Court granted the
motion as to the extension of time only, and set a due date for the appellant's brief.
Although the appellant's brief was due December 18, 2002, neither a brief nor a motion
for extension of time to file the brief has been filed. The appellant failed to file its brief
and the appeal has been submitted without briefs, not under Texas Rule of Appellate
Procedure 28.3, but because the appellant failed to prosecute its appeal. See Tex. R. App.
P. 38.8(a)(2). (2) 

 In a proper case, want of in personam jurisdiction over a party is fundamental error. 
See Cotton v. Cotton, 57 S.W.3d 506, 509 (Tex. App.--Waco 2001, no pet.). In this case,
however, such a lack of jurisdiction is not evident from the appellate record. We have
reviewed that record for fundamental error, and find none. We affirm the trial court's
order denying the special appearance of Crown Food Service Equipment, Ltd. 

 AFFIRMED.

 PER CURIAM


Submitted on March 26, 2003

Opinion Delivered April 3, 2003 

Before McKeithen, C.J., Burgess and Gaultney, JJ.




1. Tex. R. App. P. 47.4.
2. We note that the appellant checked out the clerk's record on September 6, 2002,
and did not return the record to the Court until March 20, 2003.