Garza v. Garza

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-220-CV

JUAN GILBERTO GARZA APPELLANT

V.

GUADALUPE DORADO GARZA APPELLEE

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Juan Gilberto Garza appeals from the trial court’s final decree of divorce rendered in a divorce and child custody proceeding filed by Guadalupe Dorado Garza.  In four issues, Juan asserts that the divorce decree is void because the trial court never acquired personal jurisdiction over him.  He contends that he was never served with citation, did not file a general appearance, and “did not default.”  We will affirm.

A judgment is void when the trial court that rendered the judgment had no jurisdiction over the parties.  
Mapco, Inc. v. Forrest,
 795 S.W.2d 700, 703 (Tex. 1990).  For a court to obtain jurisdiction over a person, the person must be given notice of the suit in accordance with constitutional and statutory requirements.  
Cotton v. Cotton,
 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.).  Failure to satisfy the notice component of in personam jurisdiction may, however, be waived by the filing of a general appearance in the form of an answer to the claims made in the suit.  
Id.
  Once the defendant files an answer, the issuance or service of citation upon him is not necessary.  
Tex. R. Civ. P.
 121.

In this case, Juan acknowledges that he sent a letter to the trial court clerk stating that he did not want a divorce, but he contends that his letter was not an answer.  But a letter from a pro se party to the trial court clerk stating that he does not want a divorce qualifies as an answer.  
See Harris v. Harris,
 850 S.W.2d 241, 242-43 (Tex. App.—Houston [1st Dist.] 1993, no writ).  Therefore, the trial court had acquired personal jurisdiction over Juan, and the divorce decree is not void.

Juan also complains that he did not receive notice of the trial.  The record shows, however, that Guadalupe’s attorney notified Juan of the hearing at which the divorce decree was rendered and that Juan requested a continuance, which the trial court denied.  Accordingly, this complaint fails.  We overrule Juan’s issues
(footnote: 2) and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: May 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Juan’s one-sentence complaint that “the evidence is insufficient to support the judgment” is not briefed; therefore, it is waived and we will not address it.  
See
 
Tex. R. App. P.
 38.1(h) (requiring that appellate brief must contain arguments for contentions made with appropriate citations to record and legal authorities); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that complaint may be waived due to inadequate briefing).