COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-220-CV
 
  
JUAN GILBERTO GARZA                                                        APPELLANT
  
V.
  
GUADALUPE DORADO GARZA                                                  APPELLEE
 
 
------------
 
FROM THE 324TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Juan 
Gilberto Garza appeals from the trial court’s final decree of divorce rendered 
in a divorce and child custody proceeding filed by Guadalupe Dorado Garza.  
In four issues, Juan asserts that the divorce decree is void because the trial 
court never acquired personal jurisdiction over him.  He contends that he 
was never served with citation, did not file a general appearance, and “did 
not default.”  We will affirm.
        A 
judgment is void when the trial court that rendered the judgment had no 
jurisdiction over the parties.  Mapco, Inc. v. Forrest, 795 S.W.2d 
700, 703 (Tex. 1990). For a court to obtain jurisdiction over a person, the 
person must be given notice of the suit in accordance with constitutional and 
statutory requirements. Cotton v. Cotton, 57 S.W.3d 506, 511 (Tex. 
App.—Waco 2001, no pet.).  Failure to satisfy the notice component of in 
personam jurisdiction may, however, be waived by the filing of a general 
appearance in the form of an answer to the claims made in the suit.  Id. 
 Once the defendant files an answer, the issuance or service of citation 
upon him is not necessary.  Tex. R. 
Civ. P. 121.
        In 
this case, Juan acknowledges that he sent a letter to the trial court clerk 
stating that he did not want a divorce, but he contends that his letter was not 
an answer.  But a letter from a pro se party to the trial court clerk 
stating that he does not want a divorce qualifies as an answer.  See 
Harris v. Harris, 850 S.W.2d 241, 242-43 (Tex. App.—Houston [1st Dist.] 
1993, no writ).  Therefore, the trial court had acquired personal 
jurisdiction over Juan, and the divorce decree is not void.
        Juan 
also complains that he did not receive notice of the trial.  The record 
shows, however, that Guadalupe’s attorney notified Juan of the hearing at 
which the divorce decree was rendered and that Juan requested a continuance, 
which the trial court denied.  Accordingly, this complaint fails.  We 
overrule Juan’s issues[2] and affirm the trial 
court’s judgment.
  
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
   
 
 
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DELIVERED: May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Juan’s one-sentence complaint that “the evidence is insufficient to support 
the judgment” is not briefed; therefore, it is waived and we will not address 
it.  See Tex. R. App. P. 
38.1(h) (requiring that appellate brief must contain arguments for contentions 
made with appropriate citations to record and legal authorities); Fredonia 
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) 
(citing long-standing rule that complaint may be waived due to inadequate 
briefing).