# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00372-CV

**Nancy Sinor, Appellant**

**v.**

**Reagan Gallaher, Brian O'Grady, Hill Country Neurosurgery, P.A. and South Austin Hospital, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. GN304784, HONORABLE PETER M. LOWRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Nancy Sinor appeals from the dismissal of her medical negligence claim for her failure to serve timely an expert report. By this appeal, she challenges the constitutionality of the statutory provision allowing extension of the deadline for filing the expert report only by agreement of the parties. We must dismiss this appeal for want of jurisdiction because Sinor did not timely file her notice of appeal and did not reasonably explain that failure.

Sinor undisputedly served the other parties with her expert report past the deadline. Plaintiffs in health-care liability suits must serve their expert reports on all parties within 120 days after filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005). Except when the report is deemed not served because of deficiencies in the report, *see id*. § 74.351(c) (West 2005), this deadline may be extended by written agreement of the affected parties. *Id*. § 74.351(a). Sinor

filed suit for medical negligence against appellees on December 19, 2003, so the report deadline was April 19, 2004. Instead of serving her report on that date, Sinor requested that appellees agree to extend her time to serve her expert report.[1] Sinor did not serve the expert report until April 28, 2004, nine days after the deadline.

Instead of agreeing to extend the deadline, appellees filed motions to dismiss Sinor's suit on April 22, 2004. In response, Sinor filed a motion to extend time to file the expert report on April 27, 2004, eight days after the deadline. In the motion to extend, Sinor requested additional time to file the report, asserting that she had miscalculated the due date. But the applicable law expressly allows extension of the date for serving the expert report only through agreement of the parties. *Id*. § 74.351(a). The trial court granted appellees' motions to dismiss on May 19, 2004.

Sinor's notice of appeal was due on June 18, 2004. *See* Tex. R. App. P. 26.1. Sinor did not file her notice of appeal until June 21, 2004. On August 10, 2004, this Court sent a letter to Sinor notifying her that her notice of appeal was not timely filed and requesting that she explain how we could exercise jurisdiction over this appeal. *See* Tex. R. App. P. 9.2(b). Appellee Gallaher moved to dismiss this appeal based on the untimely notice. Sinor failed to reply to this Court's request and the motion to dismiss and has not otherwise explained this tardiness.[2] We nevertheless denied the motion to dismiss.

---

[1] Sinor sent this request to Gallaher at 5:55 p.m. on April 19, 2004, 25 minutes after the office of counsel for Gallaher had closed for the day.

[2] We note that Sinor did not file her appellate brief by the original due date of September 7, 2004. After this Court notified Sinor that she had missed the deadline, she filed a motion to extend time to file her brief. She filed her brief by the extended deadline of November 5, 2004.

Although we originally overruled Gallaher's motion to dismiss for want of jurisdiction, he has reurged that we dismiss this appeal for want of jurisdiction due to the unexplained untimely notice of appeal. We must determine, at the urging of the parties or *sua sponte*, our jurisdiction to hear an appeal before we can consider the merits of the appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).

Absent conditions not present in this case, a notice of appeal must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline, the party files the notice of appeal with a motion to extend time complying with Rule 10.5(b). Tex. R. App. P. 26.3. A motion for extension of time is implied when an appellant, acting in good faith, files a notice of appeal within the fifteen-day period for filing such motions allowed by Rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time must contain "facts relied on to reasonably explain the need for an extension." Tex. R. App. P. 10.5(b)(2)(A). Even when a motion is implied, the appellant must provide a reasonable explanation. *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *see also Cotton v. Cotton*, 57 S.W.3d 506, 509 (Tex. App.—Waco 2001, no pet.).

Courts should liberally construe the rules to allow consideration of the merits of appeals. *See Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003). However, when the appellant does not offer a reasonable explanation for the late filling, the implied motion may not be granted. *See id.*; *see also Woodard*, 140 S.W.3d at 462; *Cotton*, 57 S.W.3d at 509; *Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Because Sinor filed her notice of appeal late, but within the fifteen-day period for seeking an extension provided by Rule 26.3, we have implied a motion for extension of time. *See Verburgt*, 959 S.W.2d at 615. But Sinor has not provided any explanation for the lateness that would justify the extension in response either to our request for such information, to Gallaher's motion to dismiss, or to his reurging of the issue in the briefing. Instead, Sinor asserts in her reply brief that she does not need to provide this Court with any explanation because the mere filing of the notice of appeal within the fifteen-day period for extension is sufficient to warrant an extension. She is incorrect.

Because Sinor has not supplied this Court with any explanation for the lateness of her filing of the notice of appeal, we must deny her implied motion for an extension of time to file her notice of appeal. *See Woodard*, 140 S.W.3d at 462; *see also Cotton*, 57 S.W.3d at 509. Consequently, the notice of appeal was filed too late to invoke this Court's jurisdiction.

We dismiss this appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: July 8, 2005

Do Not Publish

4