Opinion issued March 30, 2006




 





In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-05-00375-CV
NO. 01-05-00449-CV
____________

IN RE ROBERT D. SHEPPARD, M.D. AND EMCARE, INC., Relators




Original Proceeding on Petitions for Writ of Mandamus 
or for Writ of Prohibition




O P I N I O NRelators, Robert D. Sheppard, M.D. and EmCare, have filed petitions for a writ
of mandamus or, in the alternative, for a writ of prohibition, to challenge an order
signed on January 31, 2005, by the respondent trial court,


 which denied relator’s
motion to dismiss the underlying lawsuit filed by the real party-in-interest, Louis
Ochoa, as plaintiff. In their petitions here,


 as in the trial court, relators contend that
the trial court lost plenary power over the lawsuit on May 31, 2004, because, on April
30, 2004, the trial court had dismissed Ochoa’s claims with prejudice against the only
defendant that Ochoa had served. Relators contend that the dismissal constituted a
final judgment because the only remaining defendant, Cooper Manufacturing
Corporation (Cooper), was never served and did not appear. We conclude that the
mandamus record demonstrates that, although Ochoa had not effected service on
Cooper, Ochoa intended to serve Cooper and intended to continue his claims against
Cooper. We therefore deny relators’ petition for a writ of mandamus.
Background
          The underlying lawsuit is a negligence action for personal injuries claimed by
Ochoa, whose pertinent pleadings allege that he sustained serious injuries in an
accident on premises owned and operated by Cooper, and that Dr. Sheppard
negligently treated Ochoa’s injuries at Cypress Fairbanks Medical Center (the
hospital). On August 29, 2003, Ochoa filed his original petition, in which he
identified Cooper, the hospital, and Dr. Sheppard as defendants.


 The hospital,
however, was the only defendant served with notice of the lawsuit. Ochoa attempted
service, but did not succeed in serving defendant Cooper, described by Ochoa as a
“Texas corporation which may be served with process by serving its registered agent,
A.C. Teichgraeber” at a Houston address. Ochoa filed a first amended petition on
November 21, 2003, in which he reasserted claims against the hospital and Cooper,
but omitted Dr. Sheppard from the list of named defendants. The first amended 
petition was not served on Cooper. 
          On April 30, 2004, eight months after the original petition was filed, the trial
court ordered Ochoa’s claims against the hospital dismissed with prejudice “for
failure to timely file an expert report that conforms to the expert reporting
requirements under § 13.01 of Article 4590i” of the Medical Liability Improvement
Act.


 Four months after dismissal of the hospital, on August 13, 2004, Ochoa filed
a second amended petition. This petition included both Sheppard and EmCare as
named defendants. Relator Sheppard was served on September 3, 2004; relator
EmCare was served on September 16, 2004. 
          On November 11, 2004, relators moved to dismiss Ochoa’s claims. They
argued in their motion that the trial court’s plenary power had expired on May 30,
2004 because (1) Cooper had not been served and had not answered, and, therefore,
(2) the April 30, 2004 dismissal of the hospital pursuant to 4590i constituted a final
judgment as to all parties and claims. Their motion alternatively requested that
respondent enter a new docket-control order with a new trial date. According to the
existing docket-control order, the deadline to join parties was August 8, 2004, and
trial was set for December 6, 2004.
          Ochoa responded to relators’ motion to dismiss on January 3, 2005. As in
response to relators’ petitions here, Ochoa argued that neither the parties, the
respondent trial court, nor the district clerk had “treated” the April 30, 2004 dismissal
of the hospital as a final, appealable order. Ochoa supported his response with the
affidavit of his counsel, who stated that Ochoa had “never abandoned his suit against
Cooper,” offered explanations for not serving Cooper, and also stated that Ochoa was
pursuing additional parties. Ochoa contends that he thus demonstrated his intent to
serve Cooper, the unserved defendant, in accordance with M.O. Dental Lab. v. Rape,
139 S.W.3d 671, 674 (Tex. 2004). On January 31, 2005, the trial court denied
relator’s motion to dismiss. 
Availability of Mandamus Relief
          A court of appeals may issue a writ of mandamus, “agreeable to the principles
of law regulating those writs,” against a judge of a district court. Tex. Gov’t Code
Ann. § 22.221(b)(1) (Vernon 2004). Mandamus is an extraordinary remedy, that will
issue only to correct a clear abuse of discretion or a violation of a duty imposed by
law when there is no adequate remedy by appeal. In re Ford Motor Co., 165 S.W.3d
315, 317 (Tex. 2005) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d 135–36
(Tex. 2004)); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992); Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985); In re Taylor, 113 S.W.3d 385,
389 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). 
          A trial court abuses its discretion when it acts arbitrarily or unreasonably and
without reference to any guiding rules or principles. See Walker, 827 S.W.2d at 839;
In re Taylor, 113 S.W.3d at 389. The abuse-of-discretion standard has different
applications in different circumstances. Walker, 827 S.W.2d at 839. Because a trial
court has no discretion in determining what the law is, which law governs, or how to
apply the law, we review this category of discretionary rulings de novo. See Walker,
827 S.W.2d at 840. In contrast, when we review a ruling that results from the trial
court’s having resolved underlying facts, we must defer to the trial’s factual
resolutions and any credibility determinations that may have affected those
resolutions and may not substitute our judgment for the trial court’s judgment in those
matters. See id. at 839–40. 
          “Jurisdiction” refers to a court’s authority to adjudicate a case. See Reiss v.
Reiss, 118 S.W.3d 439, 443 (Tex. 2003). Whether a trial court has jurisdiction is a
question of law. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004) (subject-matter jurisdiction); BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002) (personal jurisdiction). 
          A relator who demonstrates that the order or judgment challenged is void need
not demonstrate that remedy by appeal is inadequate. In re S.W. Bell Tel. Co., 35
S.W.3d 602, 605 (Tex. 2000) (citing In re Dickason, 987 S.W.2d 570, 571 (Tex.
1998)). A void judgment results when the trial court had (1) no jurisdiction over the
parties or subject matter, (2) no jurisdiction to render the judgment, or (3) no capacity
to “act as a court.” State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1985). 
Errors that render a judgment merely voidable, as opposed to void, may be corrected
through the customary appellate process or other proceedings. See id; see also
Decker v. Lindsay, 824 S.W.2d 247, 249 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (holding that void order must exceed court’s authority to act and not be
merely erroneous). It is well-settled that an order signed after the trial court’s plenary
power has expired is void. See State ex rel. Latty, 907 S.W.2d at 486; In re Taylor,
113 S.W.3d at 390; In re Miranda, 142 S.W.3d 354, 356 (Tex. App.—El Paso 2004,
orig. proceeding). 
Plenary Power
          Relators contend that the respondent trial court’s April 30, 2004 order
dismissing the hospital constituted a final judgment as a matter of law over which the
trial court lost plenary power 30 days later, specifically, on May 31, 2004. A trial
court retains plenary power over its judgment until that judgment becomes final.
Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993). “[R]egardless of whether
an appeal has been perfected,” the trial court retains “plenary power to grant a new
trial or to vacate, modify, correct, or reform the judgment within thirty days after the
judgment is signed.” Tex. R. Civ. P. 329b(d). The date on which the trial court signs
the judgment “determine[s] the beginning of the periods . . . for the court’s plenary
power.” Tex. R. Civ. P. 306a(1). Parties may extend this initial 30-day period of
plenary power by timely filing a motion that seeks a substantive change in the
judgment within that 30-day period. Tex. R. Civ. P. 329b(a), (e), (g); see Lane Bank
Equip. Co. v. Smith Southern Equip., Inc., 10 S.W.3d 308, 314 (Tex. 2000); In re
T.G., 68 S.W.3d 171, 176 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on
reh’g).


 
          No party filed a postjudgment motion seeking a substantive change in the
respondent trial court’s dismissal order within 30 days after the court signed that
order on April 30, 2004. If the dismissal order was a final order as to all parties and
all claims, then the trial court lost plenary power on the 30th day after the April 30,
2004, or on May 31, 2004. 
Unserved Defendants—Finality
          A judgment is final “if it disposes of all pending parties and claims in the
record.” Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). To determine
whether a judgment disposes of all pending claims and parties, it may be necessary
for the appellate court to look to the record in the case. Id. The record “illumin[ates]
whether an order . . . that all parties appear to have treated as final may be final
despite some vagueness in the order itself.” Id. There must be some “clear
indication that the trial court intended the order to completely dispose of the entire
case.” Id. at 205. The supreme court further noted that “an order that all parties
appear to have treated as final may be final despite some vagueness in the order itself,
while an order that some party should not reasonably have regarded as final may not
be final despite language that might indicate otherwise.” Id. 
          More specifically, a judgment is final for purposes of appeal when (1) a
judgment expressly disposes of some, but not all defendants, (2) the only remaining
defendants have not been served or answered, and (3) nothing in the record indicates
that plaintiff ever expected to obtain service on the unserved defendants, such that the
case “stands as if there had been a discontinuance” as to the unserved defendants. 
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962); see also
M.O. Dental Lab., 139 S.W.3d at 674–75 (holding that decision in Penn survives
Lehman); In re Miranda, 142 S.W.3d at 357 (conditionally granting writ of
mandamus on grounds that trial court had lost plenary power 30 days after summary
judgment disposed of all defendants except defendant that remained unserved). 
          The procedural posture of the parties before us differs, however, from the
procedural posture of the parties in Lehmann, Penn, and M.O. Dental Lab., which
were in the appellate court seeking to appeal final summary judgment orders. See
Lehmann, 39 S.W.3d at 195; M.O. Dental Lab., 139 S.W.3d at 673–75; Penn, 363
S.W.2d at 232. Because the dismissal for failure to file an expert report was not
appealed here, the question is not whether the dismissal order is a final order for
purposes of appeal, as in Lehmann, Penn, and M.O. Dental, but rather whether the
trial court lost plenary power to act over pending claims against an unserved
defendant. See Lehmann, 39 S.W.3d at 195; M.O. Dental Lab., 139 S.W.3d at
674–75; Penn, 363 S.W.2d at 232. The question before us, therefore, is a matter of
first impression that specifically asks whether the trial court lost plenary power or
authority over claims pending against an unserved defendant merely because the trial
court dismissed claims against another defendant that had not filed an expert report. 
We conclude that the trial court does not lose plenary power over a matter merely
because one defendant remains unserved when the only other defendant’s claims are
dismissed for failure to file a required expert report.
           Unlike summary judgments, dismissals with prejudice under former article
4590i occur early in litigation because the expert report must be filed within 180 days
of the filing of the original petition. See former Tex. Rev. Civ. Stat. Ann. art.
4590i, § 13.01(d), (e) (current version at Tex. Civ. Prac. & Rem. Code § 74.351 (a),
(b)(1)–(2) (Vernon 2005)). One purpose of the statute was to reduce frivolous claims. 
Am. Transitional Care Ctrs. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). The
dismissal of the claims against the hospital here occurred early in litigation, eight
months from the time the original complaint was filed. 
          That the litigation had only proceeded for eight months, or for any particular
length of time, is neither our principal focus nor dispositive, but does pertain to our
examination of the mandamus record for evidence that demonstrates that Ochoa
intended to serve the unserved defendant Cooper and intended to continue his lawsuit
after the trial court dismissed the hospital. For example, if the stage of litigation is
comparable to the Penn and M.O. Dental Lab. cases—summary judgments entered
for all other defendants in the case at the culmination of the lawsuit—a plaintiff’s
failure to serve a defendant, absent evidence to the contrary, can only mean that the
plaintiff does not intend to serve the defendant and has discontinued the case against
that defendant. See M.O. Dental Lab., 139 S.W.3d at 673–75; Penn, 363 S.W.2d at
232. But, if, as here, the stage of litigation is early, the matter involves ongoing
discovery that has not been completed,


 and the dismissal is against a served
defendant pursuant to former article 4590i, a statute intended to reduce frivolous
claims early in litigation, then the plaintiff’s failure to effect service on a defendant
is not tantamount to lack of intent to serve that defendant. That Ochoa attempted to
serve Cooper and continued to assert claims in an amended petition against Cooper
are additional facts in the mandamus record before us here that demonstrate that
Ochoa did not wish to discontinue his lawsuit against Cooper, but rather, wished to
continue it. These circumstances, in the context of this case, show that service on the
defendant was intended and that the lawsuit would be continued. See M.O. Dental
Lab., 139 S.W.3d at 674–75; Penn, 363 S.W.2d at 232.


 
          Relators contend that fundamental law holds that Cooper was not a party to this
case until it was served with citation and petition. As authority, relators refer to
Cotton v. Cotton, 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.) 


 and TAC
Americas, Inc. v. Boothe, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.).


 
We agree with relators that the trial court did not have personal jurisdiction over
Cooper on April 30, 2004 because Cooper had not been served and had not made an
appearance. See Cotton, 57 S.W.3d at 511; Boothe, 94 S.W.3d at 318. But the issue
here is not the trial court’s lack of authority to enter a judgment against Cooper. The
issue here is whether the mere fact that the trial court had not yet obtained personal
jurisdiction over Cooper resulted in the trial court’s loss of subject-matter jurisdiction
over the entire matter, a matter that no one disputes was properly within the subject-matter jurisdiction of the trial court. Our determination in this case, therefore, is not
whether the trial court had the power to render judgment against Cooper, but rather,
whether the dismissal order was a final resolution of all claims and all parties, such
that the trial court lost plenary power over the entire lawsuit. See M.O. Dental Lab.,
139 S.W.3d at 674–75; Penn, 363 S.W.2d at 232. 
          We conclude that we have no “clear indication that the trial court intended the
order to completely dispose of the entire case.” See Lehmann, 39 S.W.3d at 205. We
further conclude that Ochoa should not have “reasonably regarded as final” the
dismissal order against the hospital as a disposition of all of his claims against all
parties. See id. at 205. Although our examination of the record shows that Cooper
was not yet served, facts in the record suggest that service on Cooper was expected
and the case does not therefore stand “as if there had been a discontinuance” as to
Cooper. See Penn, 363 S.W.2d at 232. We therefore conclude that, although service
had not been effected on Cooper and although the trial court had no personal
jurisdiction over Cooper, the mandamus record does not show that the trial court had
lost plenary power. 
Conclusion
          We deny relators’ request for mandamus relief and deny relators’ petition for
writ of prohibition.
 
 
Elsa Alcala
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala. 

Chief Justice Radack, concurring.