SEALS V. UPPER TRINITY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-335-CV

W. H. SEALS, INDIVIDUALLY, AND APPELLANT

AS INDEPENDENT EXECUTOR OF 

THE ESTATE OF INEZ SEALS,

DECEASED 

V.

UPPER TRINITY REGIONAL  APPELLEE

WATER DISTRICT 

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

OPINION

------------

In this eminent domain case, Appellant W. H. Seals appeals the trial court’s judgment granting Appellee Upper Trinity Regional Water District property rights from Appellant for the installation of water lines and awarding Appellant $16,735.  We reverse.

Factual and Procedural Background

On June 22, 2000, Appellee filed a petition and statement of condemnation seeking property rights from Appellant and his wife Inez Seals in order to install water lines.  The trial court entered a temporary injunction granting Appellee access to Appellant’s property in order to survey the right-of-way and appointed three special commissioners to assess the value of the land subject to condemnation.  The special commissioners awarded Appellant $16,735, which Appellant appealed by filing a plea to the jurisdiction and objections to the special commissioners’ award in the trial court on September 13, 2000.  Appellant did not serve Appellee with citation.  Meanwhile, on or about September 7, 2000, Appellant sent a letter to the court, which the trial court treated as an ex parte communication.  Consequently, the trial court conducted a status conference hearing regarding the ex parte communication on September 26, 2000.  Both parties attended and participated in the hearing.

There was no further action by either party or the court until July 1, 2002, when Appellant filed a “suggestion of death” in connection with the passing of his wife.  The following January, this case was placed on the dismissal docket.  Before the dismissal hearing, Appellant’s counsel filed a motion to withdraw as counsel and substitute new counsel on February 6, 2003.  Appellant’s new counsel filed an amended petition arguing that the trial court did not have authority to condemn Appellant’s property under House Bill 3112, which expressly limits Appellee’s eminent domain powers. 
 See
 Act of May 20, 1989, 71st Leg., R.S., ch. 1053, § 21, 1989 Tex. Gen. Laws 4269, 4273.  On May 27, 2003, Appellee filed a response to Appellant’s amended petition as well as a motion to render and enter final judgment based on Appellant’s failure to effect service of process on Appellee.  The trial court conducted a hearing, for which Appellant failed to appear, and granted Appellee’s motion.  The trial court’s June 4, 2003 judgment stated, in pertinent part:

[O]n May 27, 2003, Condemnee filed
 
its
 Motion To Render And Enter Final Judgment
 pointing out to the Court that the Condemnee has made no effort to issue service of process or obtain a waiver of citation or legal process on their notice of appeal.  This Court acquired in rem jurisdiction because of the filing of the notice of appeal.  However, it has never acquired in personam jurisdiction over UPPER TRINITY because of the absence of citation. . . .  The legal effect of failing to acquire in personam jurisdiction is that Condemnee has failed to diligently pursue his appeal.  Under the authority of 
Musquiz v. Harris County Flood Control District
, 31 S.W.3d 664, 667, this case should be dismissed for want of prosecution and a final judgment rendered upon the minutes of this Court awarding title and possession of the easement rights to UPPER TRINITY and the award of the Special Commissioners confirmed as the final judgment of this Court.

After learning of the trial court’s judgment, Appellant filed a motion to reinstate and motion for new trial.  On August 11, 2003, a hearing was held on Appellant’s motions for reinstatement and new trial and Appellee’s motion to enter judgment.  The trial court vacated its prior judgment and reinstated Appellant’s objections, emphasizing that the case was reinstated as it existed on June 1, 2003.  The trial court heard argument regarding its in personam jurisdiction over Appellee, reserving judgment on that issue for a later date.  

The trial court later adopted the special commissioners’ findings as the judgment of the court, effectively dismissing Appellant’s objections to the special commissioners’ award.  The trial court filed findings of fact and conclusions of law, concluding that Appellant did not invoke the trial court’s in personam jurisdiction until May 27, 2003.  The trial court further concluded that Appellant’s nearly three year delay in invoking its jurisdiction was unreasonable.   

In Personam Jurisdiction

In his first issue, Appellant argues that Appellee made several general appearances in the trial court, which dispensed with the need for citation and invested the trial court with in personam jurisdiction over Appellee.  In light of the unique procedural process involved in eminent domain cases, it is first necessary to determine at what point the trial court obtained judicial, rather than administrative jurisdiction over this case.  

The Texas land condemnation scheme is a two-part procedure involving an administrative proceeding, and if necessary, a judicial proceeding.  
Amason v. Natural Gas Pipeline Co.
, 682 S.W.2d 240, 241 (Tex. 1984).  The administrative phase occurs when a condemning authority files a statement in a trial court seeking condemnation of property.  
See id. 
 Although filed in the trial court, the original statement seeking condemnation only invokes the trial court’s administrative jurisdiction.  
See id. 
at 242.  Upon the filing of this statement, the trial court is to appoint three special commissioners who assess the damages and then file an award which, in their opinion, reflects the value of the sought-after land.  
See id. 
at 241-42; 
see also 
Tex. Prop. Code Ann.
 § 21.014-.016 (Vernon 2004).  A party to a condemnation proceeding may object to the special commissioners’ findings by filing a written statement of the objections.  
Tex. Prop. Code Ann.
 § 21.018(a) (Vernon 2004). 

The judicial phase of the proceeding is invoked when, as here, a party files objections to the special commissioners' award.  
Id
. § 21.018(b) (“If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.”); 
see also State v. Bristol Hotel Asset Co.
, 65 S.W.3d 638, 646 (Tex. 2001) (Baker, J. dissenting)
; Metro. Transit Auth. v. Graham
, 105 S.W.3d 754, 761 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); 
In
 
re State
, 85 S.W.3d 871, 876 (Tex. App.—Tyler 2002, orig. proceeding) (op. on reh’g).  Thus the judicial phase of the proceeding in this case began on September 13, 2000, when Appellant filed his objections to the award of the special commissioners.

Appellant argues that Appellee invoked the trial court’s judicial jurisdiction when it filed its statement of condemnation on June 22, 2000, because the statement included a request for an injunction granting access to Appellant’s property in order to survey it.  Under Texas Rule of Civil Procedure 120, a defendant may enter an appearance in open court, which has “the same force and effect as if the citation had been duly issued and served as provided by law.”  
Tex. R. Civ. P.
 120.  Appellant reasons that because an injunction is a purely judicial function, Appellee “was before the trial court for all purposes, including the Seals’ objections to the special commissioners’ award.”  We disagree.  Under Appellant’s reasoning, Appellee invoked the trial court’s judicial jurisdiction over the condemnation proceeding almost three months before Appellant ever filed his objection.  Here, the trial court entered a temporary injunction granting Appellee access to Appellant’s property in order to survey the right-of-way.  If we follow Appellant’s line of thinking, Appellee’s request for access to survey the property invoked the trial court’s jurisdiction, relieving Appellant of his obligation to notify Appellee of his subsequent objection to the commissioners’ award.  
See 
Tex. Prop. Code Ann.
 § 21.014-.016 (setting out requirements for invoking judicial jurisdiction).  We do not believe that Rule 120's intent is to force condemnors to choose between the right to be informed when the condemnee challenges the special commissioners’ award and the right to obtain access to the land subject to condemnation. 

We further note that Appellee’s request for access to the property in order to survey the right-of-way is more analogous to the pretrial discovery conducted when a defendant makes a special appearance.  
See Coastal Marine Serv. of Tex., Inc. v. City of Port Neches
, 11 S.W.3d 509, 514 (Tex. App.—Beaumont 2000, no pet.) (stating city's injunctive request and the trial court's order contemplated a preliminary investigation and examination of the sort that would seem to be necessary incidents of the right to condemn in determining that city had implied statutory authority to conduct an initial environmental site assessment).  Under Rule 120a, 

a special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. . . .  The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance.

Tex. R. Civ. P.
 120a(1).  

In eminent domain cases, the condemnor’s request for access to survey the property during the trial court’s administrative jurisdiction occurs before the trial court has obtained judicial jurisdiction, which is only achieved when the condemnee files an objection in the trial court to the special commissioners’ award.  We do not construe the rules of civil procedure, read together with the appropriate provisions of the property code, to allow for a general appearance in a trial court before that court’s judicial jurisdiction is invoked.  Rather, in the context of eminent domain cases, a general appearance, for purposes of waiving citation, cannot occur until after the trial court has judicial jurisdiction over the pending cause.  Therefore, in determining whether Appellee made a general appearance in the trial court, we look to its actions in the court beginning on September 13, 2000—the date that Appellant filed his objections to the special commissioners’ award and consequently invoked the trial court’s judicial jurisdiction.   

 For any court to obtain in personam jurisdiction, a party must be given notice of the pending action.  
Cotton v. Cotton
, 57 S.W.3d 506, 511 (Tex. App.—Waco 2001, no pet.).  A failure to satisfy the notice component of in personam jurisdiction may, however, be waived
.  Id.  
By waiving notice, the party is said to have made a general appearance.  
Id
.  A condemning authority, like any other party, may waive the issuance of citation by making a general appearance.  
Amason
, 682 S.W.2d at 242
; Gordon v. Conroe Indep. Sch. Dist.
, 789 S.W.2d 395, 397 (Tex. App.—Beaumont 1990, no writ); 
State  v. Reeh
, 434 S.W.2d 416, 418 (Tex. Civ. App.—San Antonio 1968, writ ref’d n.r.e.).  Without notice via the required service of citation or a waiver thereof, nothing short of a general appearance will confer personal jurisdiction upon the trial court.  
Cotton
, 57 S.W.3d at 511; 
C.W. Bollinger Ins. Co. v. Fish
, 699 S.W.2d 645, 655 (Tex. App.—Austin 1985, no writ).

To constitute an answer or appearance, the party must seek a judgment or a decision by the court on some question.  
United Nat'l Bank v. Travel Music of San Antonio, Inc
., 737 S.W.2d 30, 32 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) (citing 
Investors Diversified Servs., Inc. v. Bruner
, 366 S.W.2d 810, 815 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.)).  A general appearance is normally in the form of an answer to the claims made in the suit.
  Cotton
, 57 S.W.3d at 511.  The emphasis is on a request for affirmative action which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance. 
 Serna
 
v. Webster
, 908 S.W.2d 487, 492-93 (Tex. App.—San Antonio 1995, no writ); 
Smith v. Amarillo Hosp. Dist
., 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ).  
A party who examines witnesses or offers testimony has made a general appearance. 
See Wichita County v. Robinson
, 276 S.W.2d 509, 512 (Tex. 1954); 
Bradford v. Bradford
, 971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.); 
Serna
, 908 S.W.2d at 492; 
Smith
, 672 S.W.2d at 617.  On the other hand, a party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not.  
Bradford
, 971 S.W.2d at 598; 
Smith
, 672 S.W.2d at 617.  Whether or not the party making a general appearance intended that result is immaterial in determining jurisdiction.  
Toler v. Travis County Child Welfare Unit
, 520 S.W.2d 834, 836-37 (Tex. Civ. App.—Austin 1975, writ ref’d n.r.e.). 

As previously stated, Rule 120a provides a vehicle by which a party may file a pleading without making a general appearance when the party objects to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this state.  
Tex. R. Civ. P.
 120a.  The words “not amenable to process” mean that the special appearance is available solely to establish that the court cannot, under the federal and state constitutions and the appropriate state statues, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled.  
GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme
, 991 S.W.2d 785, 786 (Tex. 1999).  

After the judicial phase of this case commenced on September 13, 2000, Appellee:

1) appeared and participated in a status conference hearing on September 26, 2000;

2) notified the trial court, in writing, that it had no objections to Seals’ motion to withdraw and substitute counsel on February 11, 2003;

3) filed a response to Appellant’s first amended plea to the jurisdiction, special exceptions, objections, and declaratory judgment on May 27, 2003;

4) filed a motion to render and enter final judgment on May 27, 2003;

5) filed a response to Appellant’s motion to reinstate on June 25, 2003 and participated in a hearing on that motion;

6) filed a response to Appellant’s motion for new trial on July 10, 2003; and

7) participated in a hearing on Appellee’s motion to enter judgment on October 28, 2003.

Appellant contends that Appellee’s participation at the status conference hearing on September 26, 2000, constituted a general appearance.  As previously mentioned, this hearing was set on the trial court’s own motion after Appellant sent a letter to the court.  The court clerk sent a notice-of-hearing letter, which directed the attorneys of record to appear before the court.  Appellee argues that it participated in the hearing only to the extent of responding to the court’s questions and sought no affirmative relief that would invoke the trial court’s in personam jurisdiction.  Conversely, Appellant argues that Appellee went beyond acting as a silent figurehead in the courtroom.  Rather, Appellant asserts that Appellee sought affirmative action from the trial court, pointing to two separate instances.

First, Appellant asserts that Appellee made a general appearance when it stated on the record that it had no objection to the court calling Appellant as a witness despite not being under oath.  Appellee’s statements, in pertinent part, were as follows:

THE COURT:  I have no objection to you calling your witness on this.  Mr. Kelsey, do you have any objection?

MR. KELSEY [Appellee’s counsel]:  No, Your Honor, I do not mind if Mr. Seals makes his statement, not being under oath.  

THE COURT:  All right.  And --

MR. KELSEY:  If I feel it’s necessary to place him under oath, I may ask that it be done later.

Appellant additionally points to the following testimony as further evidence of Appellee’s general appearance:

MR. KELSEY:  May it please the Court, I believe the only thing that’s relevant is to take the letter of September 7th, 2000, and compare that to the pleading which has been filed entitled Plea to the Jurisdiction and Objections to the Award of Special Commissioners.  I think the Supreme Court has told us that anything that a party files must be considered by the Court and categorized as an answer or whatever it is.  

And I think that we need to clarify in the status conference whether this letter of September 7th, 2000, is to be regarded as a pleading and given the substance of a pleading, or whether the pleading, the applicable pleading, is [a] plea to the jurisdiction and objections to the award of Special Commissioners.  

I think that when someone files something with the Court and is unskilled on how to label it, then it becomes the responsibility of the Court to fit it into the Rules of Civil Procedure or give the party an opportunity to do so voluntarily.  And I think that’s the only thing that’s really applicable to this status conference is how to relate the September 7th letter, which I notice has been file stamped, and the plea to the jurisdiction.  And I think that’s really the only issue that I know that’s -- that I would ask that the Court address in this status conference.  

I do want to make it clear on the record, Your Honor, that we’re here by the call of the Court. 

THE COURT:  And, Mr. Kelsey, you are correct.  The Court did set a status hearing based upon having received from one of the litigants certain documents and information from Mr. Seals. . . . 

And your request is to either have the Court or have Ms. Storey [Appellant’s counsel] voluntarily agree that the document filed by Mr. Seals on September 7th is a -- is a responsive pleading to the amended petition and that the plea to the jurisdiction should be entitled, whether it’s amended or, well, a supplemental answer.  Is that what you’re stating?

MR. KELSEY:  Yes, Your Honor.  I think that I understand Mr. Seals is unskilled in his legal pleadings, but he is represented by able counsel who understands the Rules of Civil Procedure.  I would ask that the Court inquire of counsel whether counsel wishes to incorporate the September 7th letter as part of the plea to the jurisdiction under Rule 58, which is incorporation by reference, or whether it’s to be regarded as a separate plea and whether or not that letter of September 7th is adopted by attorney of record as an active pleading.  I just need to know what is the active pleading.  

Although Appellee attempted to avoid invoking the trial court’s jurisdiction by stating on the record that it was, “here in response to the call of the Court”  and “not asking for any affirmative relief,” the record reveals that Appellee’s participation at the hearing constituted a general appearance.  Appellee stated that it had no objection to Appellant’s unsworn testimony, reserved the right to place Appellant under oath, and asked the trial court to determine the scope of the pleadings in this case.  Appellee’s actions rose above the level of merely acting as a silent figurehead in the courtroom and represent affirmative action which impliedly recognized the trial court’s jurisdiction over the parties and the pendency of the proceeding.  
See Bradford
, 971 S.W.2d at 598.  This is especially true in light of the fact that Appellee did not assert that it was not amenable to process prior to, contemporaneous with, or during the hearing.  Under the Texas Rules of Civil Procedure, “[e]very appearance, prior to judgment, not in compliance with [the special appearance] rule is a general appearance.”  
Tex. R. Civ. P.
 120a(1).  We hold that Appellee’s actions at the September 26, 2000 status conference hearing constituted a general appearance and that the trial court therefore had personal jurisdiction over Appellee in September 2000.  Accordingly, we sustain Appellant’s first issue and remand this cause to the trial court to proceed on Appellant’s First Amended Plea to the Jurisdiction; Special Exceptions; Objections, and Declaratory Judgment.   

Appellant’s remaining issues relate to Appellee’s authority to take the property in question, the trial court’s subject-matter jurisdiction, and objections to the special commissioners’ award.  Because these issues were not fully heard by the trial court and Appellant’s first issue is dispositive of this appeal, it is not necessary to address Appellant’s remaining issues.  
See 
Tex. R. App. P.
 47.1.

Conclusion

We reverse the trial court’s judgment and remand the cause to the trial court to proceed on Appellant’s First Amended Plea to the Jurisdiction; Special Exceptions; Objections, and Declaratory Judgment. 

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  July 15, 2004