Opinion issued May 31, 2007 









Opinion issued May 31, 2007










 

 

 

 






 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-06-00246-CV

01-06-00276-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ELIZABETH BEISTEL, Appellant

 

V.

 

THEODORE ALLEN, Appellee

 

 



On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause Nos. 1988-01028 & 2000-18073

 








 



MEMORANDUM OPINION

Appellant
Elizabeth Beistel appeals the trial court’s termination of two wage-withholding
orders against appellee Theodore Allen.  In four issues, Beistel contends (1)
the trial court lacked subject matter jurisdiction to terminate the wage-withholding
orders, (2) Beistel was an indispensable party to the termination hearing, (3)
the trial court abused its discretion in terminating the wage-withholding
orders because the evidence is legally and factually insufficient to support
the trial court’s findings that Allen overpaid his child support obligation and
that no child support was due and owing, and (4) the trial court terminated the
wage-withholding orders based on an incorrect legal theory.  We conclude that (1) the trial court had jurisdiction to terminate the
wage-withholding orders, (2) Beistel made a general appearance at the
termination hearing, and (3) the trial court abused its discretion in
terminating the wage-withholding orders.  We therefore reverse.        

Background

          In May 1986, Beistel and
Allen obtained a divorce in Ohio.  The Ohio court ordered Allen to pay forty-five
dollars a week in child support for each of the couple’s two children.  Allen
moved to Texas shortly after the divorce. 

          In 1988, 1994, and 2000, Beistel
obtained judgments in Texas against Allen under the Uniform Reciprocal Enforcement
of Support Act and the Uniform Interstate Family Support Act (UIFSA).  The
judgments state the amount Allen owes in child support arrearages, and order
Allen to make payments toward the arrearages.  To enforce the judgments, the trial
court issued a judicial writ of withholding in 1994, and the Texas Attorney
General issued an administrative writ of withholding in 2001.  Both require
Allen’s employer to withhold his current child support payments and a portion
of the arrearages from his paychecks.  

          In 2005, Allen petitioned the
trial court to terminate the wage-withholding orders.  The Texas Attorney
General intervened.  The trial court held a hearing at which Allen, the
Attorney General, and counsel for Beistel were present.  At the time of the
hearing, both of Beistel and Allen’s children were over the age of eighteen.  Beistel
filed a special appearance, which the trial court granted.  Beistel’s counsel limited
her participation at the hearing in an attempt to avoid making a general
appearance.  At the end of the hearing, the trial court terminated the
wage-withholding orders and entered findings of fact and conclusions of law.

Subject Matter Jurisdiction

          In her first issue, Beistel
contends the trial court lacked subject matter jurisdiction to terminate the
wage-withholding orders.

A.  Invoking Jurisdiction

          Beistel first contends that
the trial court lacked jurisdiction to terminate the wage-withholding orders
because Allen failed to file a pleading to invoke the trial court’s
jurisdiction.  Allen responds that he filed a petition to terminate the wage-withholding
orders on June 17, 2005.

          Texas Family Code section
102.002 provides that “[a]n original suit begins by the
filing of a petition as provided by this chapter.”  Tex. Fam. Code Ann. § 102.002 (Vernon 2002); In re A.M.,
936
S.W.2d 59, 63 (Tex. App.—San Antonio
1996, no writ) (“A suit affecting the
parent-child relationship commences by the filing of a petition.”). 
Issues concerning wage-withholding orders may be determined in a suit filed
pursuant to section 102.002.  See Tex. Fam. Code Ann.
§§ 102.001(b), 102.002, 158.001 (Vernon 2002).

          The record contains Allen’s
petition to terminate the wage-withholding orders, and a time stamp at the top
of the petition denotes that it was filed on June 17, 2005.  The petition addresses
both wage-withholding orders and their respective cause numbers, and requests
that the trial court terminate them both.  We therefore hold that Allen’s
petition was sufficient to invoke the trial court’s jurisdiction to adjudicate
a dispute over the wage-withholding orders.

B.  Jurisdiction to Modify or Reduce
Arrearages

          Beistel next contends that
the trial court lacked jurisdiction to modify or reduce the amount of child
support arrearages owed by Allen.

          Child support
orders issued in another state and registered in Texas are enforceable in the
same manner and are subject to the same procedures as child support orders
issued by Texas courts.  Id. § 159.603(b) (Vernon 2002).  Texas courts, however, are not permitted to modify child support orders issued by other
states except under particular circumstances specified in Family Code section
159.611.  Id. § 159.603(c), § 159.611 (Vernon Supp. 2006).

          Here, the rules applicable to the
trial court’s ability to modify an out-of-state child support order do not
apply.  See id. § 159.611.  The trial court in this case did not modify
the Ohio child support order; it simply terminated the two wage-withholding
orders issued in Texas.  The trial court in this case issued the judicial writ
of withholding in 1994, and the Texas Attorney General issued the administrative writ of
withholding in 2001.  See id. §§ 102.001(b),
102.002, 158.001.  We therefore hold that the trial court had jurisdiction to modify
or terminate the wage-withholding orders.  See id.; see also id. § 158.404 (Vernon 2002) (“If a court
has rendered an order that reduces the amount of child support to be withheld
or terminates withholding for child support, any person or governmental entity
may deliver to the employer a certified copy of the order without the
requirement that the clerk of the court deliver the order.”).

Indispensable Party

          In her second
issue, Beistel contends that the trial court erred in terminating the wage-withholding
orders after granting her special appearance because she was an indispensable
party to the termination hearing.  Allen responds that Beistel is estopped from
asserting that she was an indispensable party to the termination hearing
because she made a general appearance at the hearing through counsel.  

          A party enters
a general appearance when it (1) invokes the judgment of the court on any
question other than the court’s jurisdiction, (2) recognizes by its acts that
an action is properly pending, or (3) seeks affirmative action from the court. 
Exito Elecs. Co. v. Trejo, 142 S.W.3d 302, 304 (Tex. 2004); Dawson-Austin
v. Austin, 968 S.W.2d 319, 322 (Tex. 1998); Xenos Yuen v. Fisher,
No. 01-06-00010-CV, 2007 WL 529362, at *4 (Tex. App.—Houston [1st Dist.] Feb.
22, 2007, no pet.).  “Every appearance, prior to judgment, not in compliance
with [the special appearance] rule is a general appearance.”  Tex. R. Civ. P. 120a(1).

          In this case,
Beistel’s counsel attended the termination hearing and made the following
statement when Allen attempted to admit a spreadsheet demonstrating that he had
paid his entire child support obligation: “Your Honor, if they are offering it
as a shorthand rendition of what he says got paid, I guess the Court could
accept it on that basis.  Otherwise, I’d object that it’s hearsay.”  The trial
court did not rule on the objection, but admitted the spreadsheet for the
limited purpose of serving as a shorthand rendition of Allen’s testimony.  Later
in the hearing, the trial court was about to ask Beistel’s counsel if she
wanted to cross-examine a witness when the following exchange occurred:

[Trial Court:]  Okay.  Ms. Quinn, I’m not
sure you’re here, but maybe you are.

 

[Beistel’s Counsel:]  I’ll be here.

 

[Allen’s Counsel:]  I don’t think she’s
here, Judge.

 

[Trial Court:]  It may be waiving a
previously granted Special Appearance.

 

[Allen’s Counsel:]  Right.

 

[Trial Court:]  I just see it as a legal
issue.  I’m not saying you are, but discretion being the better part of—

 

[Beistel’s Counsel:]  Okay.  I’ll keep my
mouth shut.

 

[Trial Court:]  If you remain moot, [sic]
you won’t have a problem.

 

[Beistel’s Counsel:]  I would agree with
that, Judge.

 

[Trial Court:]  Ms. Quinn appears as an
observer.  Go ahead, Ms. Martin-Simon.

 

Beistel’s counsel’s objection
to the admission of Allen’s spreadsheet invoked the judgment of the court on a question
other than the court’s jurisdiction, recognized that the action was properly
pending in Texas, and sought affirmative action from the court.  See Trejo,
142 S.W.3d at 304; Dawson-Austin, 968 S.W.2d at 322; see also Carone
v. Retamco Operating, Inc., 138 S.W.3d 1, 8 (Tex. App.—San Antonio 2004,
pet. denied) (“A general appearance occurs when a party invokes the
judgment of the court in any way on any question other
than that of the court’s jurisdiction,
without being compelled to do so by a previous ruling of the court.  The emphasis is on affirmative action which impliedly
recognizes the court’s jurisdiction over the parties.” 
(citations omitted)).  While Texas courts have held that a party
who merely observes a proceeding without participating does not make a general
appearance, Beistel’s counsel participated when she objected to the admission
of Allen’s spreadsheet.  See, e.g., Seals v. Upper Trinity Reg’l
Water Dist., 145 S.W.3d 291, 297 (Tex. App.—Fort Worth 2004, pet. dism’d); Carone,
138 S.W.3d at 8; Bradford v. Bradford,
971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.); Serna v.
Webster, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ).
 Counsel’s participation in the hearing was inconsistent with the
assertion in Beistel’s special appearance that the trial court lacked
jurisdiction over her.  See Dawson-Austin, 968 S.W.2d at 323 (“[T]he
motion for continuance did not request affirmative relief inconsistent with
Dawson-Austin’s assertion that the district court lacked jurisdiction, which,
as we have noted, is the test for a general appearance.”).  Additionally, counsel’s
attempt to preserve the special appearance, and the trial court’s assertion
that counsel was appearing as an observer, does not eliminate, or cure the
effect of the objection.  See Trejo, 142 S.W.3d at 304; Dawson-Austin,
968 S.W.2d at 322; Carone, 138 S.W.3d at 8.  Instead, we focus on counsel’s
affirmative
action, which impliedly recognized the court’s jurisdiction over Beistel.  See
Seals, 145 S.W.3d at 296; Carone, 138 S.W.3d at 8; Bradford, 971 S.W.2d at 598.  We therefore hold that the
appearance and participation of Beistel’s counsel at the termination hearing constituted
a general appearance.  See Seals, 145 S.W.3d at 298–99 (holding
that appellee made general appearance at hearing where it stated that it had no
objection to appellant’s unsworn testimony, reserved right
to place appellant under oath, and asked trial court to determine scope of
pleadings in case); Toler v. Travis County Child Welfare Unit, 520
S.W.2d 834, 838 (Tex. Civ. App.—Austin 1975, writ ref’d n.r.e.) (holding that
father made general appearance at hearing where he sought adjudication that
would have permitted him and his wife to have custody of children and take them
to West Virginia to live).  We need not address whether Beistel was an
indispensable party to the termination hearing, as Beistel’s general appearance
renders this issue moot.

Legal and Factual
Sufficiency

          In her third
issue, Beistel contends the
trial court abused its discretion in terminating the wage-withholding orders
because the evidence presented at the termination hearing is legally and
factually insufficient to support the trial court’s findings that Allen “made overpayments of child support,” and that “no
child support is due and owing.”  

Generally, unless the complaining party can demonstrate a clear
abuse of discretion, orders arising from a suit affecting the
parent-child relationship will not be disturbed on appeal.  See Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Sotelo v. Gonzales, 170 S.W.3d 783, 787 (Tex. App.—El Paso 2005, no pet.); In re D.S.,
76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 
In
determining whether an abuse of discretion has occurred, we view the evidence
in a light most favorable to the court’s decision and indulge every legal
presumption in favor of its judgment.  Holley v. Holley, 864 S.W.2d 703,
706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  When a court fails to
analyze or apply the law correctly, it abuses its discretion.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  A trial court also abuses its
discretion if it acts arbitrarily and unreasonably, or without reference to any
guiding rules or principles.  Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991).  Legal and factual sufficiency challenges are not independent grounds of error, but relevant factors in
determining whether the trial court
abused its discretion.  See
id.; Miles v. Peacock, No. 01-06-00313-CV, 2007
WL 1166162, at *3 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet. h.); Dunn
v. Dunn, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied); D.S.,
76 S.W.3d at 516; McGuire v. McGuire,
4 S.W.3d 382, 387 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
A
trial court does not abuse its discretion when there is some evidence of a
substantive and probative character to support the trial court’s judgment.  Newberry
v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004,
no pet.); Holley, 864 S.W.2d at 706. 

At the termination hearing,
Allen testified that he had paid his entire child support obligation, and admitted
a spreadsheet as a shorthand rendition of his testimony showing that the
withholding orders had actually caused him to pay more than he owed.  Allen
created the spreadsheet by calculating the total amount of child support he paid,
and then subtracting the total amount of child support he owed.   

To calculate his total
child support obligation, Allen multiplied his weekly child support payment by
the number of weeks in a year.  He then multiplied this product by the number
of years he was obligated to pay child support for each of his two children. 
The resulting calculation shows that Allen owed a total of $60,840 in child
support.  Allen then calculated the total amount of child support he paid by
adding together the receipts provided by the Texas Attorney General.  Allen
alleges that he paid $79,186.98 in child support.  When the amount of child
support Allen owed ($60,840) is subtracted from the amount of child support
Allen paid ($79,186.98), the spreadsheet shows that Allen overpaid $18,346.98
in child support.  

The calculations in
Allen’s spreadsheet are flawed for several reasons.  First, Allen’s calculation
of his total child support obligation does not include any interest charges on
the arrearages.  Texas Family Code section 159.604(a) provides that the law of
the state that issues a child support order governs “(1) the nature, extent,
amount, and duration of current payments under a registered support order; (2) the computation and payment of arrearages and
accrual of interest on the arrearages under the support order; and (3) the existence and satisfaction of other
obligations under the support order.”  Tex. Fam. Code Ann. § 159.604(a) (Vernon Supp. 2006).  Ohio law requires that a certain amount of interest accrue on child support
arrearages, and the evidence in this case is undisputed that Allen has been in
arrears on his child support obligation since it began in 1986.  See Ohio Rev. Code Ann. § 1343.03
(LexisNexis 2006), § 3123.171 (LexisNexis Supp. 2007), § 5703.47 (LexisNexis
2005).  Allen’s calculation of the total amount of his child support obligation
is therefore incorrect.

Second, Allen’s
calculation of the total amount of child support he paid is nonsensical.  In
his calculation, Allen multiplies the amount of child support he allegedly paid
by various percentage rates depending upon when he made the payments.  Allen
then adds these amounts to the total amount of child support he allegedly
paid.  The record contains no evidence explaining these percentages or their
significance. 

Lastly, the calculations
in Allen’s spreadsheet ignore the fact that his entire child support arrearage
was reduced to a single judgment in 2000.  Allen’s youngest child turned
eighteen on November 29, 2000, which, according to the Ohio divorce decree,
terminated his current child support obligation.  The same month, the trial
court entered a judgment against Allen that consolidated all of his child
support arrearages.  The Attorney General admitted this judgment at the termination
hearing, which shows that as of November 15, 2000, Allen owed $30,346.88 in
child support arrearages.  The calculations on Allen’s spreadsheet, however,
are based on the total amount of child support owed, and the total amount of
child support paid.  Allen produced no evidence regarding the amount of the
arrearage judgment or any accrued interest on the judgment that he has paid
since November 15, 2000.  Without this evidence, the trial court had no way to
determine if Allen has completely paid his child support arrearage judgment.  

Allen’s testimony that he
paid his entire child support obligation is based on the spreadsheet he admitted
into evidence, which as determined above, is facially incorrect and does not
address the amount of the arrearage judgment Allen has paid since November 15,
2000.  The evidence presented therefore does not support the trial court’s
findings that Allen “made overpayments of child support,” and that “no child
support is due and owing.”  See Zeifman
v. Michels, 212 S.W.3d 582,
596 (Tex. App.—Austin 2006, pet. denied) (holding that trial
court abused its discretion because evidence was legally insufficient to support
conservatorship order); Stucki v. Stucki, No.
12-04-00290-CV, 2006 WL 2106969, at *5 (Tex. App.—Tyler July 31, 2006, no pet.)
(holding that trial court abused its discretion because evidence was legally
insufficient to support child support order); Agraz v. Carnley,
143 S.W.3d 547, 554–55 (Tex. App.—Dallas 2004, no pet.) (holding
that trial court abused its discretion because evidence was legally insufficient
to support child support and conservatorship orders).  We hold that
without evidence to support its decision, the trial court abused its discretion
in terminating the wage-withholding orders.  See Buller,
806 S.W.2d at 226; Miles, 2007 WL 1166162, at *3; Dunn,
177 S.W.3d at 396; D.S.,
76 S.W.3d at 516; McGuire,
4 S.W.3d at 387 n.2.  We reverse the trial court’s orders
terminating the judicial and administrative writs of withholding and remand for
further proceedings.

          We need not
address Beistel’s fourth issue because we have already determined that the
trial court abused its discretion in terminating the wage-withholding orders.

Conclusion

          We hold that
(1) the trial court had jurisdiction to terminate the wage-withholding orders,
(2) Beistel made a general appearance at the termination hearing, and (3) the
trial court abused its discretion in terminating the wage-withholding orders. 
We therefore reverse the orders of the trial court and remand for further
proceedings.

 

                                                                   Jane Bland

                                                                    Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.