Opinion issued April 5, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00331-CV

———————————

Eileen Acosta Graebener, Appellant

V.

Peter Gerard
Graebener,
Appellee



 



 

On Appeal from the 247th Judicial District 

Harris County, Texas



Trial Court Case No. 1027727

 



 

MEMORANDUM OPINION

Eileen Graebener appeals from a decree of divorce appointing Peter
Graebener primary joint managing conservator of their
minor children.  Eileen contends that the
trial court erred in entering the decree because it lacked jurisdiction to make
an initial child custody determination, pursuant to the Uniform Child Custody
Jurisdiction Enforcement Act (UCCJEA).  See Tex.
Fam. Code Ann. § 152.101-.317 (West 2008 & Supp. 2011).  We conclude that Eileen entered a general
appearance before the trial court, subject to her UCCJEA complaint.  She therefore consented to the court’s
jurisdiction over her person.  The trial
court nonetheless lacked subject-matter jurisdiction to make a custody
determination under the UCCJEA.  Accordingly,
we affirm in part and dismiss in part for lack of subject‑matter
jurisdiction.  

Background

Peter and Eileen Graebener
were married in 1988.  They moved to
Texas, along with their five children, in 1999. 
In June 2009, Eileen and the children went on vacation to visit family
in Puerto Rico.  Peter expected them to
return in August, but they did not.  
Eileen later advised Peter that she did not plan to return to Texas and
intended to keep the children in Puerto Rico. 

Texas Proceedings

In April 2010, Peter sued for
dissolution of their marriage in Harris County. 
Peter alleged in his petition that he met the jurisdictional
requirements for a divorce in Texas, although his spouse resided in Puerto
Rico.  Peter also requested that the
court adjudicate custody of the couple’s minor children. 

Eileen’s Puerto Rican counsel moved
to dismiss the suit for lack of jurisdiction. 
On the day of trial, Eileen appeared via telephone.  She requested a continuance, asking the court
to delay the trial to permit her to retain local counsel. The trial court
denied Eileen’s motion, noting that she had received notice of the setting and,
therefore, had time to retain counsel.  The
court then advised Eileen that the trial would proceed as planned; she could
either stay on the phone and participate in the proceedings or hang up.  Eileen remained on the phone, but she
contested the court’s jurisdiction during the proceedings.  When the trial court proceeded, Eileen also lodged
objections to Peter’s testimony.  She
objected to his testimony as inaccurate, “undetermined,” or irrelevant.  Eileen obtained rulings from the court on
each of her objections, but never obtained a ruling on her objection to the
court’s personal jurisdiction over her. 

The trial court entered a final
decree of divorce in January 2011.  Under
a section entitled, “Jurisdiction and Domicile,” the decree recites that Eileen
“agreed that the court could hear the matter of divorce but not custody.”  The court assumed jurisdiction over custody
of the minor children, finding: “the basis of the conditional jurisdiction over
the subject matter of custody is due to the exigent circumstances of the
children; relevant testimony regarding allegations between the parties.  This Court fully accepts jurisdiction . . .
pursuant to both UCCJA and UCCJEA. . . . The Court
finds that there are pending matters in Puerto Rico whereby [Eileen] . . . is
requesting those courts to decline jurisdiction over custody.”

Post-trial, Eileen retained local
counsel and moved for a new trial, contending that the trial court lacked
jurisdiction over her and the subject matter of the suit.  The trial court denied the motion. 

Puerto Rican Proceedings

Eileen petitioned for divorce in
Puerto Rico in June 2010 and requested custody of her minor children.  Peter specially appeared before a Puerto
Rican tribunal and objected to Puerto Rico’s jurisdiction.  He contended that Eileen did not meet the
residency requirements to obtain a divorce there.  After considering evidence submitted by the
parties, the Puerto Rican tribunal found that Eileen had lived in Puerto Rico
since June 2009.  The tribunal concluded
that, because Eileen had lived there for more than a year, the court had
jurisdiction to grant a divorce and adjudicate custody of the children.  In its final order—issued the same month as the Texas
divorce decree—the
tribunal concluded that Texas lacked jurisdiction over the custody dispute, and
had implicitly recognized as much in an August 2010 support order.  

Discussion

Eileen contends that the trial court
(1) lacked personal jurisdiction, (2) lacked subject-matter
jurisdiction to enter a custody order, (3) erred in not dismissing
the Texas proceeding after learning of the proceedings in Puerto Rico, and
(4) erred in ordering Eileen to return the couple’s minor children to Texas. 

Personal Jurisdiction

 “Whether a court has personal jurisdiction
over a nonresident defendant is a question of law, which we review de novo.” Zinc Nacional,
S.A. v. Bouché
Trucking, Inc., 308 S.W.3d 395, 397 (Tex. 2010) (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)).
Unlike subject-matter jurisdiction, the lack of personal jurisdiction may be
waived. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174,
2182 n.14 (1985) (“[T]he personal jurisdiction requirement is a waivable right.”).  

Generally, by appearing before the
court, a defendant indicates that she submits to the court’s jurisdiction. See Tex.
R. Civ. P. 120; Mays v. Perkins, 927 S.W.2d 222, 225
(Tex. App.—Houston [1st
Dist.] 1996, no writ). To determine if a defendant
appeared, we consider the nature and quality of the defendant’s activities
before the trial court. See Smith v.
Amarillo Hosp. Dist., 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ).  The Texas Supreme Court has held that any one
of three categories of activities constitutes a general appearance: (1) the
defendant invokes the judgment of the court on any question other than the
court’s jurisdiction; (2) the defendant recognizes by its acts that an action
is properly pending; or (3) the defendant seeks affirmative action from the
court. See Exito
Elecs. Co. v. Trejo, 142 S.W.3d 302, 304 (Tex. 2004).

While Texas courts have held that a
party who merely observes a proceeding without participating does not make a
general appearance, Eileen participated in the proceedings and sought rulings
from the court on non-jurisdictional issues. See, e.g., Seals v. Upper Trinity Reg’l
Water Dist., 145 S.W.3d 291, 296–97 (Tex. App.—Fort Worth 2004, pet. dism’d) (mere presence in courtroom not a general
appearance, but examining witnesses or offering testimony constitutes a general
appearance); Bradford v. Bradford,
971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.) (same);
Serna v. Webster, 908 S.W.2d 487, 492
(Tex. App.—San
Antonio 1995, no writ) (same).  Eileen
orally requested that the trial court continue the proceedings to permit her to
retain local counsel.  During trial, she
objected to Peter’s testimony as inaccurate, “undetermined,” or
irrelevant.  But she made these
objections subject to her special appearance. 
Eileen obtained rulings on her objections.  Eileen also agreed to allow the court to hear
the matter of the divorce, but not custody.  In so doing, Eileen waived her complaint
about the trial court’s lack of personal jurisdiction over her. Compare Beistel v.
Allen, Nos. 01‑06‑00246‑CV and 01-06-00276-CV,
2007 WL 1559840, at *3 (Tex. App.—Houston [1st Dist.] May 1,
2007, no pet.) (objection to admission of spreadsheet at termination
hearing constituted a general appearance) and
Seals, 145 S.W.3d at 298–299 (holding
that appellee entered general appearance at hearing where it stated that it had
no objection to unsworn testimony, reserved right to place appellant under
oath, and asked trial court to determine scope of pleadings in case) with Dawson-Austin v. Austin, 968 S.W.2d
319, 322 (Tex. 1998) (special appearance not waived where defendant obtained
rulings related to special appearance) and
First Oil PLC v. ATP Oil & Gas Corp.,
264 S.W.3d 767, 778 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)
(same).  Eileen’s participation at trial
is inconsistent with the assertion that the trial court lacked jurisdiction
over her.  See Dawson-Austin, 968 S.W.2d at 323 (observing that test for a
general appearance is whether motion requested affirmative relief inconsistent
with assertion that district court lacked jurisdiction). 

Puerto Rican counsel’s attempt to contest
the court’s jurisdiction and local counsel’s later protestations that the trial
court lacked personal jurisdiction do not eliminate or cure the effect of Eileen’s
objections during the trial, made before she obtained a ruling on her special
appearance.  See Beistel, 2007 WL 1559840, at *3.  We focus on Eileen’s affirmative action
seeking evidentiary
rulings during the hearing and her failure to obtain a ruling on her complaint.  Moreover, the divorce decree recites that
Eileen consented to the court’s jurisdiction over the divorce proceeding, but
challenged its subject-matter jurisdiction over the custody proceeding.  These actions implicitly recognized the
court’s jurisdiction. See Beistel, 2007
WL 1559840, at *3; see also Seals, 145 S.W.3d at 296.  

We hold that Eileen has waived her
complaint that the trial court lacked personal jurisdiction over her.  The trial court therefore did not err in
entering a divorce and dividing the marital estate.  See
Tex. Fam. Code Ann. § 6.308 (West 2006).  

Subject-Matter Jurisdiction

Eileen maintains that the trial court
lacked subject-matter jurisdiction to make an initial custody
determination.  A court must have
subject-matter jurisdiction to decide a case. Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Subject-matter jurisdiction is conferred by the
Texas Constitution and legislative enactments, combined with the existence of
the facts necessary for a court to exercise jurisdiction. French v. Moore, 169 S.W.3d 1, 6
(Tex. App.—Houston [1st Dist.] 2004, no pet.); Lee v. El Paso Cnty., 965 S.W.2d 668, 671
(Tex. App.—El Paso
1998, pet. denied).  The
determination as to whether jurisdiction exists is a question of law that we
review de novo. Tex.
Parks & Wildlife Dep’t v. Sawyer Trust, 354 S.W.3d 384, 388 (Tex. 2011).
 We presume that a trial court has
jurisdiction unless the absence of jurisdiction appears on the face of the
petition. French, 169
S.W.3d at 6–7.

Subject-matter jurisdiction in child
custody disputes is determined by the UCCJEA. 
See Tex. Fam. Code Ann. § 152.101-.317 (West 2008).  The UCCJEA provides that a court of this state
has jurisdiction to make an initial child custody determination only if Texas
is the home state of the child on the date the proceeding commences or if this
state was the home state of the child within six months before the proceeding commences
and a parent continues to live in this state. Tex.
Fam. Code Ann. § 152.201(a)(1).  Texas does not qualify as the Graebener children’s “home state,” because the children did
not live in Texas during the six-month period immediately preceding the date
Peter filed the Texas petition.  See id;
Koester v. Montgomery, 886 S.W.2d
432, 435 (Tex. App.—Houston [1st Dist.] 1994, no writ).   Rather, Puerto Rico is their home state
under the UCCJEA.[1] See Tex. Fam. Code Ann.
§ 152.201(a)(1). 
The trial court found, however, that it had jurisdiction to make an
initial custody determination because it concluded that Eileen had petitioned a
Puerto Rican court to decline jurisdiction and “the exigent circumstances of
the children” merited assuming jurisdiction. 


1.   
Eileen’s conduct and the Puerto Rican
proceedings

The trial court concluded that it
held jurisdiction to make a custody determination, because it found that Eileen
had petitioned a Puerto Rican tribunal to defer to Texas’s jurisdiction.  However, subject-matter jurisdiction cannot
be conferred by consent.  See Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000) (explaining that subject
matter jurisdiction “‘exists by operation of law only, and cannot be
conferred upon any court by consent or waiver’”) (quoting Fed. Underwriters Exch. v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943)).  The trial court erred in concluding that
Eileen’s alleged request for Puerto Rico to decline jurisdiction provided a
basis for the trial court to make an initial custody determination.  A Texas court may make an initial custody determination
if a court of the home state of the child has declined to exercise jurisdiction
on the ground that this state is a more appropriate forum and the children or
parent have a significant connection with Texas, but the trial court in this
case did not conclude that a Puerto Rican court had declined jurisdiction. See Tex.
Fam. Code Ann. § 152.201(a)(2).   Nor does the record
support such a finding.  Rather,
the record reveals that a Puerto Rican tribunal concluded that Puerto Rico
properly held jurisdiction over custody matters as the children have lived in
Puerto Rico since June 2009.




 

2.   
Jurisdiction under section 152.204

          Alternatively, the trial court assumed
jurisdiction over the custody dispute based on “exigent circumstances.”  Section 152.204 is an exception to section
152.201(a)(1), and permits a Texas court to obtain temporary
emergency jurisdiction over custody matters if “the child is present in [Texas]
and the child has been abandoned or it is necessary in an emergency to protect
the child because the child, or a sibling or parent of the child, is subjected
to or threatened with mistreatment or abuse.” Tex.
Fam. Code Ann. § 152.204(a).  The exercise of jurisdiction under section
152.204 is reserved for extraordinary circumstances.  In re Marriage of Lai, 333 S.W.3d 645, 649–50 (Tex. App.—Dallas
2009, no pet.) (citing Saavedra v. Schmidt, 96 S.W.3d 533, 545 (Tex. App.—Austin 2002, no
pet.)  

          The
trial court concluded that “the exigent circumstances of the children” merited
assuming jurisdiction.  But section
152.204 does not apply to the facts of this case.  The minor children are not present in Texas;
they have been in Puerto Rico since June 2009. 
As the children are not present in this state, the trial court could not
exercise jurisdiction to make a custody determination based on the UCCJEA’s
emergency jurisdiction provision.  See Saavedra v. Schmidt, 96 S.W.3d 533, 544 (Tex. App.—Austin 2002, no pet.)
(“Under section 152.204, a court of this state may assume temporary
jurisdiction over a custody dispute if the child is present in this state and
it is necessary to protect a child subjected to or threatened with mistreatment
or abuse”). 

          The
trial court lacked jurisdiction to make an initial custody determination
regarding Eileen and Peter’s minor children: Texas is not their home state
under the UCCJEA, Eileen’s conduct cannot confer subject-matter jurisdiction,
and section 152.204 does not apply to this case to warrant exercising temporary
jurisdiction.  Accordingly, we conclude
that the trial court erred in entering those parts of the divorce decree that
address the custody and care of the minor children.  Because we hold that the trial court lacked
jurisdiction to make an initial custody determination, we need not address
Eileen’s remaining issues on appeal.  




Conclusion

We conclude that Eileen generally
appeared before the trial court.  The
court, therefore, properly held personal jurisdiction over her to enter a
divorce decree and divide the marital estate. 
See Tex. Fam. Code Ann. § 6.308.  However, the trial court lacked subject-matter
jurisdiction to make an initial custody determination with respect to the minor
children.  Accordingly, we affirm that
part of the trial court’s judgment dissolving the marriage of Peter and Eileen Graebener and dividing the marital estate.  We reverse all parts of the trial court’s
judgment affecting custody matters and dismiss those claims for want of
subject-matter jurisdiction.  

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]
        “A
court of this state shall treat a foreign country as it if were a state of the
United States for the purpose of applying this subchapter and Subchapter C
[relating to jurisdiction].”  Tex. Fam. Code Ann. § 152.105(a).